UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNIVERSITY SPINE CENTER o/a/o EDWARD C.,**<br><br>Plaintiff,<br><br>v.<br><br>**ANTHEM BLUE CROSS BLUE SHIELD,**<br><br>Defendant. | Civ. No.: 18-01103<br><br><br>**OPINION** |

Plaintiff University Spine Center, on assignment of Edward C. ("Patient"), brings this action against Defendant Anthem Blue Cross Blue Shield, alleging failure to make all payments under Patient's medical plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), and breach of fiduciary duty. This matter comes before the Court on Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

## I. BACKGROUND

Plaintiff is a healthcare provider in the Passaic County, New Jersey. Compl. ¶ 1, ECF No. 1. Defendant administers health insurance plans to individuals in New Jersey, among other states. *See id*. ¶ 2; Def.'s Mem. of Law in Supp. of Its Mot. to Dismiss ("Def.'s Mem.") 4–5, ECF No. 6-1. At all relevant times, Patient was a plan participant in the Ascena Retail Group Inc., Benefits Plan (the "Plan"), which Defendant administered. *See* Def.'s Mem. 5, Ex. A. In addition, at all relevant times, Plaintiff was an out-of-network healthcare provider and did not have a contract with Defendant. *See id*. at 4.

On November 17, 2015, Plaintiff provided Patient with medical services, including surgery to remove and fuse cervical disks. *See* Compl. ¶¶ 5–6. Patient transferred his rights to benefit payments under the Plan to Plaintiff. *Id*. ¶ 7. Plaintiff subsequently filed a claim with Defendant for $170,082.00 in reimbursement for services rendered. *Id*. ¶ 9. Defendant paid $15,621.95 of that claim. *See* Pl.'s Br. in Opp'n to

1

Def.'s Mot. ("Pl.'s Opp'n") 12 n.2, ECF No. 8.  On January 26, 2018, Plaintiff filed suit, alleging that Defendant failed to make all payments as required by ERISA and breach of fiduciary duty.  *See* Compl. ¶¶ 17–34.

Defendant now moves to dismiss, arguing first that Plaintiff lacks standing to assert its ERISA claim because the Plan contains a valid and enforceable anti-assignment clause.  *See* Def.'s Mem. at 8–12.  Defendant next argues that Plaintiff's complaint insufficiently describes the alleged assignment.  *See id*. at 12–17.  Defendant further argues that Plaintiff failed to state a claim under ERISA for additional benefits, that Plaintiff's breach of fiduciary duty claim is duplicative, and that Plaintiff failed to exhaust its administrative remedies.  *See id*. at 17–25.

Plaintiff opposes, arguing that the anti-assignment clause does not preclude its standing to sue.  *See* Pl.'s Opp'n at 17–28.  Plaintiff further argues that Defendant's reliance on Rule 12(b)(1) is erroneous, that Plaintiff adequately alleged the existence of the assignment, that its breach of fiduciary duty claim is non-duplicative pursuant to Supreme Court precedent, and that Defendant's failure to comply with reasonable claims procedures prevents dismissal based on Plaintiff's failure to exhaust its administrative remedies.  *See id*. at 12–15, 28–34.  Defendant filed a reply, largely reiterating its previous arguments, including Plaintiff's lack of standing.  *See* Def.'s Reply Mem. of Law in Further Supp. of Its Mot. to Dismiss, ECF No. 9.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  There are two types of challenges to subject-matter jurisdiction: (1) facial attacks, which challenge the allegations of the complaint on their face; and (2) factual attacks, which challenge the existence of subject-matter jurisdiction, quite apart from any pleadings.  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In reviewing a factual attack, as Defendant presents here, the court may consider evidence outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations.  *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997).  The plaintiff bears the burden of proving that jurisdiction exists.  *Gould Elecs.*, 220 F.3d at 178.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

### III. DISCUSSION

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Defendant challenges Plaintiff's standing to sue based on the anti-assignment clause located in the Plan documents, restraining Patient from assigning his benefits. *See* Def.'s Mem. at 9–12. Plaintiff argues that the anti-assignment clause is invalid for multiple reasons. *See* Pl.'s Opp'n at 17–28. The anti-assignment clause in question reads as follows:

> ***You cannot assign your right to receive payment*** to anyone else, except as required by a "Qualified Medical Child Support order" as defined by ERISA or any applicable Federal law.

Certification of A. Genovese, Ex. A 66, ECF No. 6-3 (emphasis added).[1]

The Third Circuit recently determined that anti-assignment clauses in ERISA plans are enforceable. *See Am. Orthopedic & Sports Med. v. Independence Blue Cross Blue Shield*, --- F.3d ---, No. 17-1663, 2018 WL 2224394, at *6 (3d Cir. May 16, 2018) ("We now . . . hold that anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable."). The anti-assignment clause in that case read, "[t]he right of a Member to receive benefit payments under this Program is personal to the Member and *is not assignable* in whole or in part to any person, Hospital, or other entity[.]" *Id.* at *1 (emphasis original).

---

[1] Plaintiff's argument that Defendant erroneously relied on the Summary Plan Description is meritless. *See* Pl.'s Opp'n at 14. The Plan unequivocally states: "The benefits offered under the Benefit Plans are described in and are subject to separate plan documents, *summary plan descriptions*, trust agreements, insurance policies and contracts of different kinds, . . . and are incorporated into the Plan by reference . . . ." *See* Reply Certification of A. Genovese, Ex. F 96 (ECF pagination) (emphasis added), ECF No. 9-7.

Plaintiff argues that the instant anti-assignment clause is unenforceable because the language therein "simply does not manifest the intent to limit the Patients' *power* to assign . . . because it does not use the words void or invalid or any of the other language" found in the case law Plaintiff cites to.  *See* Pl.'s Opp'n at 20.  The anti-assignment clause in *American Orthopedic* also did not contain the words "void" or "invalid," and yet the Third Circuit still determined that the clause was enforceable and that plaintiff, therefore, lacked standing to sue.  *See Am. Orthopedic*, 2018 WL 2224394, at *6–7.

The Court finds that the clause in question here is unambiguous and plainly states that Patient could not assign his right to receive reimbursement to Plaintiff or anyone else.  In light of the Third Circuit's recent holding, the Court finds that the anti-assignment clause is valid and enforceable and that Plaintiff, therefore, lacks standing to bring its claims against Defendant.  Accordingly, Defendant's motion to dismiss is **GRANTED**.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  An appropriate order follows.


　　　　　　　　　　　　　　　　　　*/s/ William J. Martini*
　　　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 21, 2018**